IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| DARYL E. BLYDEN, | ) | |
|     Plaintiff, | ) | Civil Action No. 7:16cv00201 |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| HAROLD CLARKE, *et al.*, | ) | By: Norman K. Moon |
|     Defendants. | ) | United States District Judge |

Daryl E. Blyden, an inmate proceeding *pro se*, filed a civil rights action pursuant to 42 U.S.C. § 1983, alleging that he was subjected to excessive force. Defendants filed a motion for summary judgment and Blyden responded, making this matter ripe for disposition. After reviewing the record, I conclude that defendants' motion for summary judgment must be granted in part and denied in part.

I.

Blyden alleges that on December 25, 2015, he got into a physical altercation with another inmate. Blyden states that after the inmate "assaulted" him, they started fighting and then he "heard a shot fire" and "felt something hit [him] in [his] back." Blyden alleges that the other inmate "continued to assault [him] after [Blyden] got shot." Shortly after, officers came into the pod and "pepper sprayed" Blyden and the other inmate in their faces and separated them. Blyden states that after being separated from the other inmate, he was "force[d] to lay flat on the ground with [his] hands spread out and open." Blyden alleges that defendant K9 Officer Gunter came into the pod with a dog, went straight to Blyden, and let the dog "bite [Blyden] up, for no reason." Blyden states that he was laying face down on the ground with his hands stretched out and open, and that he "posed no threat to anyone" when the dog was biting him. Blyden alleges that Gunter "maliciously and sadistically" engaged the dog to bite Blyden. Blyden states that his
Case 7:16-cv-00201-NKM-RSB   Document 31   Filed 02/07/17   Page 1 of 5   Pageid#: 160

injuries from the dog bites were so "serious" that he had to be taken to an outside hospital for treatment.

Blyden also claims that defendants Warden Fleming, Assistant Warden Combs, Virginia Department of Corrections ("VDOC") Director Clarke, VDOC Chief of Operations Robinson, and VDOC Deputy Director Jabe are all liable for Gunter's actions because Gunter is their subordinate.[1]

Defendants filed a motion for summary judgment arguing that Blyden failed to allege personal involvement by defendants Fleming, Combs, Clarke, Robinson, and Jabe; Blyden's allegations lack merit; and defendants are entitled to qualified immunity. With regard to the excessive force claim against defendant Gunter, defendants state that Blyden "blantant[ly] disregard[ed]" direct orders and continued to fight with the other inmate, and that the amount of force used was necessary to maintain the safety of staff and inmates.

## II.

A party is entitled to summary judgment if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact. Fed. R. Civ. P. 56(a). Material facts are those necessary to establish the elements of a party's cause of action. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine issue of

---

[1] Blyden also summarily alleges that Warden Fleming failed to adequately train Gunter, knew that Wallens Ridge had a "history of wide spread abuse against prisoners" and "failed to take reasonable measures to correct these misconducts," and adopted unspecified policies and customs that resulted in deliberate indifference. These allegations are far too vague, conclusory, and speculative to state a cognizable § 1983 claim. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (To state a claim in any federal civil action, the plaintiff must assert factual allegations that raise a right to relief that is "plausible on its face," not one that is speculative or merely "conceivable."); *Aziz v. Alcolac, Inc.*, 658 F.3d 388, 391 (4th Cir. 2011) ("While a court must accept the material facts alleged in the complaint as true, statements of bare legal conclusions 'are not entitled to the assumption of truth' and are insufficient to state a claim."); *Hall v. Fabrizio*, No. CIV. JKB-12-754, 2012 U.S. Dist. LEXIS 97396, 2012 WL 2905293, at *2 (D. Md. July 13, 2012) ("Even at the pleadings stage, a plaintiff seeking to impose liability on a failure-to-train theory cannot rely on legal conclusions and speculations, but must allege at least some facts showing: (1) the nature of the training; (2) that any failure to train was a deliberate or conscious choice by the municipality; and (3) that any alleged constitutional violations were actually caused by the failure to train.")

2

material fact exists if, in viewing the record and all reasonable inferences drawn therefrom in a light most favorable to the non-moving party, a reasonable fact-finder could return a verdict for the non-movant. *Id.* The moving party has the burden of showing – "that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the movant satisfies this burden, then the non-movant must set forth specific, admissible facts that demonstrate the existence of a genuine issue of fact for trial. *Id.* at 322-23. A party is entitled to summary judgment if the record as a whole could not lead a rational trier of fact to find in favor of the non-movant. *Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991); *see Ennis v. Nat'l Ass'n of Bus. & Educ. Radio, Inc.*, 53 F.3d 55, 62 (4th Cir. 1995) ("Mere unsupported speculation . . . is not enough to defeat a summary judgment motion."). However, summary judgment is not appropriate where the ultimate factual conclusions to be drawn are in dispute. *Overstreet v. Ky. Cent. Life Ins. Co.*, 950 F.2d 931, 937 (4th Cir. 1991). A court may not resolve disputed facts, weigh the evidence, or make determinations of credibility. *Russell v. Microdyne Corp.*, 65 F.3d 1229, 1239 (4th Cir. 1995); *Sosebee v. Murphy*, 797 F.2d 179, 182 (4th Cir. 1986). Instead, a court accepts as true the evidence of the non-moving party and resolves all internal conflicts and inferences in the non-moving party's favor. *Charbonnages de France v. Smith*, 597 F.2d 406, 414 (4th Cir. 1979).

### III.

Blyden seeks to hold defendants Fleming, Combs, Clarke, Robinson, and Jabe liable due to their supervisory capacities in the prison and the VDOC. In order to set forth a claim for supervisory liability under § 1983, a plaintiff must show:

> (1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show "deliberate indifference to or tacit authorization of the alleged offensive practices,"; and (3) that there was an

3

"affirmative causal link" between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.

*Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994). Blyden has failed to allege any facts that would establish any of the *Shaw* elements. Blyden makes only conclusory accusations about these defendants. Moreover, government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *see also Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978) (finding no vicarious liability for a municipal "person" under 42 U.S.C. § 1983); *Robertson v. Sichel*, 127 U.S. 507, 515-16 (1888) ("A public officer or agent is not responsible for the misfeasances or positive wrongs, or for the nonfeasances, or negligences, or omissions of duty, of the sub-agents or servants or other persons properly employed by or under him, in the discharge of his official duties."); *Dunlop v. Munroe*, 11 U.S. 242 (1812) (an official's liability "will only result from his own neglect in not properly superintending the discharge" of his subordinates' duties). Accordingly, I conclude that Blyden has failed to state a constitutional claim against defendants Fleming, Combs, Clarke, Robinson, and Jabe and, therefore, will grant the motion for summary judgment as to these defendants.

## IV.

Blyden alleges that defendant Gunter used excessive force against him. The Eighth Amendment prohibits prison officials from inflicting unnecessary and wanton pain and suffering on prisoners. *Whitley v. Albers*, 475 U.S. 312, 320 (1986). To resolve a claim that prison staff's excessive force violated the Eighth Amendment, the court must determine whether the force applied was "in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Id.* at 320-21. Whether the force was necessary or intentionally aimed at inflicting unnecessary physical harm depends on factors such

4

as the need for the application of force, the relationship between the need and the amount of force used, the extent of injury inflicted, the extent of the threat to the safety of staff and inmates reasonably perceived by responsible officials, and any efforts made to temper the severity of a forceful response. *Id.* at 321; *see, e.g., Wilkins v. Gaddy*, 559 U.S. 34 (2010).

Blyden alleges that he was laying flat and face-down on the ground with his arms and hands stretched out and open, and posing no threat to anyone when Gunter had the dog bite him multiple times. Blyden also submits several declarations from other inmates that support Blyden's version of the incident. Defendants, on the other hand, allege that Blyden was fighting and disregarded direct orders to stop before the dog was engaged. They state that the dog was engaged to restore discipline and that once Blyden complied, Gunter stopped the dog.

Having reviewed the record as a whole and drawing all reasonable inferences in the light most favorable to Blyden, I conclude that Blyden states a viable excessive force claim and that there are genuine issues of material fact precluding summary judgment on this claim.[2] These same disputes of fact preclude Gunter's argument that he is entitled to qualified immunity.[3] *Buonocore v. Harris*, 65 F.3d 347, 359 (4th Cir. 1995). For these reasons, I will deny defendants' motion for summary judgment as to Blyden's excessive force claim against defendant Gunter.

**ENTER**: This 7th day of February, 2017.

NORMAN K. MOON
UNITED STATES DISTRICT JUDGE

---

[2] Blyden also filed a motion for summary judgment as to his claim against defendants Gunter on the basis that "genuine issues of material fact remain[] as to whether Officer Gunter['s] use of unnecessary force constituted an 8th Amendment violation." Because a genuine issue of material facts precludes summary judgment, I will deny Blyden's motion.

[3] Defendants filed a motion for a protective order to stay discovery until the issue of qualified immunity was determined. Inasmuch as it has now been decided, I will deny the motion for a protective order.

5